**QCF** Quist, Cone & Fisher
P L L C

**Michael A. Durr**

Direct: 865.312.0440

mdurr@qcflaw.com

**Thursday, October 09, 2014**

Sears Holdings Corporation                *sent via fax: (847) 286-4511*

3333 Beverly Road                               *& US mail*

Hoffman Estates, IL 60179

**Re:** Dean 42-34W2-320/42-524T-992 | September 14, 2014 fire in Memphis

To Whom It May Concern:

State Farm Fire and Casualty Company has retained this law firm to protect its subrogation interest arising out of a fire that damaged the vehicle and home of Ms. Martha Dean. The home is located at or about 5333 Maiden Grass in Memphis, Tennessee. The fire occurred on or about September 14, 2014. A preliminary investigation suggests that a 2-year old Sears DieHard car battery malfunctioned and caused the fire.

The vehicle is currently being stored at COPART, 5545 Swinnea Road in Memphis, Tennessee. **We have set a final joint inspection of the vehicle for 10:00 a.m. on Friday, October 17, 2014**. Following this inspection on the 17th, the vehicle will be released for salvage. Therefore, if you choose not to attend this inspection, you may lose the opportunity to inspect certain evidence.

You should know that State Farm may ultimately determine that you are responsible for the damage caused by the fire. Therefore, you should forward this letter to your liability carrier immediately to preserve your rights with that carrier.

If you are aware of other parties who may have an interest in the damaged property or who might be liable for the fire or the damage it caused, we will rely on you to provide a notice such as this to that party as soon as possible.

Please note that the property is not an open loss site. Therefore, for evidentiary purposes, all investigations of the loss site must be coordinated and supervised by this office. Inspecting the site without permission would be trespassing; removing evidence from the site without authorization would be theft. In addition, any person who desires to inspect the site must provide to us his or her name, address, phone number, email address, and identify whose interests he or she represents.

October 9, 2014 | Page 2

Finally, while State Farm may "stand in the shoes" of its insured(s) with respect to its recovery rights, this is notice to you that they are not agents of State Farm and have no authority to advance, negotiate or release any claims that State Farm may have arising out of or related to this fire loss.

Please call if any of this is unclear. Thank you.

Sincerely,

QUIST, CONE & FISHER PLLC

By: Michael A. Durr

cc:    David Riley
       Jim Swain
       Jeff Morrill

QUIST, CONE & FISHER
ATTORNEYS

c/o Reed Smith, LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Tel. (312) 651-1549
E-mail: ian.botnick@jci.com

# THE BOTNICK LAW OFFICE, LTD.

Ian S. Botnick
Attorney at Law

October 15, 2014

**_VIA EMAIL: mdurr@qcflaw.com_**
**And US Mail at:**

Michael Durr
First Tennessee Plaza
800 South Gat Street, Suite 2121
Knoxville, Tennessee 37929

      Re:     Your insured:  Martha Dean

Dear Mr. Durr:

Today, I received a copy of correspondence from you to Sears Holding Corporation dated October 9, 2014.  Your letter has been referred to this office for response.

Your letter advised that, on or about September 14, 2014, a fire damaged your insured's vehicle and building located in Memphis Tennessee.  It further noted that your firm was investigating the cause of the fire. You invited Sears to participate in what you state is a "final joint inspection of the vehicle" two days from today, on October 17, 2014. You indicate that key evidence will be destroyed after that date.

Your letter did not specify the specific model of battery that you wrongly suggest caused the fire or identify any defect with the product. No claim is made against Sears. As State Farm is aware, a defect in a flooded lead-acid battery cannot start a fire.

Please be advised that Sears and Johnson Controls Battery Group, Inc. object to any destructive investigation (i.e. inspection, disassembly, examination, testing or analysis) of any product related to the cause of the subject fire. If any planned investigation would or might result in the destruction of evidence of the current condition of any product, such investigation should not take place without the prior written consent and approval of all interested parties. To be clear, should litigation ensue, it is absolutely necessary that you carefully preserve all relevant evidence for trial and to protect all parties from any claim that a party actively or passively participated in, acquiesced in or conspired to alter evidence. We will not waive any argument or defense based on spoliation or alteration of evidence in the event that litigation ensues. If you choose to go forward with the destruction of the vehicle, battery or any other evidence without the written consent of Sears, Johnson Controls Battery Group, Inc. and all interested parties, we will consider your actions as constituting spoliation of evidence.

Also, you state in your letter that you will rely on Sears to provide notice to other parties. You should not do so. As a courtesy, Sears has sent your notice to Johnson Controls Battery Group, Inc. because it manufactures certain DieHard batteries. However Sears and Johnson Controls Battery Group, Inc. assume no responsibility for notifying any party, so you should not rely on either of them to do so. Also, please note that it is not known whether Johnson Controls Battery Group, Inc. manufactured the subject battery or whether it was a DieHard. However it is well known that a defect in a flooded lead acid battery cannot cause a fire. Additionally, the photographs provided show clear evidence that the battery was a victim of an external fire.

In the unlikely event that you pursue subrogation against Sears or any entity involved with the battery, please be sure to strictly preserve all relevant evidence including the vehicle and battery. No evidence should be disturbed in any way as it will be necessary for expert analysis and trial.

Thanks for your attention to this matter.

Sincerely,

THE BOTNICK LAW OFFICE, LTD.

Ian S. Botnick

**Michael A. Durr**

| | |
|---|---|
| **From:** | Ian Botnick <Ian.Botnick@jci.com> |
| **Sent:** | Thursday, October 16, 2014 10:53 AM |
| **To:** | Michael A. Durr |
| **Cc:** | 'Klimek, Mike' |
| **Subject:** | RE: 14.10.15 Dean | 42-34W2-320/42-524T-992 | 1410105006-0001 | JCI File: 53853 | Third to Sears/Johnson Controls |

Mr. Durr,

Please do not contact anyone at Johnson Controls regarding this matter except me.  I have removed Kristen and Paul from this email and have advised them not respond.  Any and all correspondence directed to Johnson Controls should be addressed to me and no one else as I am legal counsel for the company.

As noted in my letter, Johnson Controls will not be attending this inspection.  It is common knowledge that a defect in a flooded lead acid battery cannot start a fire.  Based on that fact, and the photos we have reviewed, we are confident that this fire was not caused by a battery.  Whatever evidence you choose dispose of is done at your own peril; we simply request that if you believe the battery caused this fire at or after the inspection, the battery be preserved as evidence for litigation.

As for notifying other parties, this is not Johnson Controls or Sears' claim to pursue.  We do not assume any responsibility for notifying any parties and you should not rely on Johnson Controls or Sears to do so.

Please let me know if you have any questions regarding this matter.

Ian S. Botnick
Johnson Controls, Inc.
10 S. Wacker, 40th Floor
Chicago, IL 60606
312-651-1549

**From:** Michael A. Durr [mailto:mdurr@qcflaw.com]
**Sent:** Wednesday, October 15, 2014 7:27 PM
**To:** Ian Botnick
**Cc:** Kristin Anastas; Paul R Lois; 'Klimek, Mike'
**Subject:** 14.10.15 Dean | 42-34W2-320/42-524T-992 | 1410105006-0001 | JCI File: 53853 | Third to Sears/Johnson Controls

While we regret that you received our letter only today, our notice is reasonable. But if you or your client need a few more days to arrange to attend the noticed exam, please let us know that. We will attempt to accommodate you without prejudicing our rights

to advance our investigation, to limit the cost of preserving what may not be relevant, and to minimize the deterioration of what may be relevant.

Otherwise, we will proceed with the planned examination on the 17th. What we consider unnecessary to preserve thereafter will be disposed of immediately. Obviously we are not required to guess at, and preserve indefinitely, what your client might consider evidence—especially after giving your client a fair chance to see it all first.

We must rely on Sears—and on you and your client for that matter—to provide notice to others who might have some legal responsibility here for the simple reason that we have no way of knowing who was involved in the design or construction of the battery. Our approach here is typical and well-accepted. What else could we do?

We understand that you must assert that your client could not possibly bear any responsibility for what has occurred. But please inform us by 5:00 p.m. tomorrow whether you need additional time to arrange to attend the vehicle examination.

Thank you.

Michael A. Durr | Quist, Cone & Fisher, PLLC
800 South Gay Street, Suite 2121, Knoxville, TN 37929
Direct: 865.312.0440 | E-mail: mdurr@qcflaw.com

---

**From:** Ian Botnick [mailto:Ian.Botnick@jci.com]
**Sent:** Wednesday, October 15, 2014 5:02 PM
**To:** mdurr@qcflaw.com
**Subject:** Martha Dean/State Farm Fire Inspection - DOL: Sept. 14, 2014 - JCI File: 53853

Mr. Durr,

Please see the attached letter regarding the above-referenced matter. Please let me know if you have any questions regarding the content of the letter.

Ian S. Botnick
Johnson Controls, Inc.
10 S. Wacker, 40th Floor
Chicago, IL 60606
312-651-1549



**Michael A. Durr**

Direct: 865.312.0440

mdurr@qcflaw.com

**Thursday, December 11, 2014**

Jack W. Jourdan
Broadspire
Lexington, Kentucky
Jack_Jourdan@choosebroadspire.com

Ian S. Botnick
Johnson Controls, Inc.
Chicago, Illinois
Ian.Botnick@jci.com

Mike Klimek
Sedgwick Claims
Lexington, Kentucky
Michael.Klimek@sedgwickcms.com

**Re:** Dean 42-34W2-320/42-524T-992 | September 14, 2014 fire in Memphis

To Whom It May Concern:

We will reconvene to examine further the evidence collected from the loss site in October. This is notice to you of that exam and a protocol for completing it.

MorrSecure's facility in Cartersville, Georgia features the necessary space, conditions, furniture, and equipment. The facility's street address is 74 Center Road SE. The telephone number is (678) 920-0819. We hope and expect to complete the examination of all the retained evidence in one day. We have set aside **Monday, January 12, 2015** for the exam, starting at 9:00 a.m. EST.

We will examine each piece of evidence individually, progressing from the least damaging methods to the most. Typically that would involve unpacking the evidence and allowing visual inspection, measurement, and photography. We would then proceed to disassemble, clean, and/or reconstruct each item of evidence by consensus, pausing upon request to allow for photography, microscopic examination, or other analysis. We will permit video recording, but no audio recording of any kind.

December 11, 2014 | Page 2

During the examination, we will adhere generally to the following:

- ASTM E-860-07 Standard Practice for Examining and Testing Items That Are or May Become Involved in Criminal and Civil Litigation

- ASTM E-1188-11 Standard Practice for Collection and Preservation of Information and Physical Items by A Technical Investigator

- ASTM E-2332-04 Standard Practice for Investigation and Analysis of Physical Component Failures

- NFPA 921 Guide for Fire and Explosion Investigations (2014 edition)

Participants are expected to bring their own photographic, measurement, and documentation equipment, as well as any safety gear they deem necessary. If you have a request for a specific method of inspection, or if you would like confirmation that certain equipment will be present, let us know that in writing at least one week in advance.

Anyone who attends must provide to us in writing on an attendance sheet his or her name, address, phone number, email address, and identify whose interests he or she represents. If the examination continues for more than one day, there shall be an attendance sheet for each day. We will send a copy of this attendance sheet(s) to all who attend after the examination.

We anticipate altering some of the evidence so, again, if you are aware of others who may have an interest in the damaged property or who might be liable for the fire or the damage it caused, please provide a notice such as this to that party as soon as possible.

Please call if any of this is unclear. Thank you.

Sincerely,

QUIST, CONE & FISHER PLLC

By: Michael A. Durr

cc:    Jim Swain
       Jeff Morrill

## Michael A. Durr

| | |
|---|---|
| **From:** | Michael A. Durr <mdurr@qcflaw.com> |
| **Sent:** | Thursday, December 11, 2014 3:20 PM |
| **To:** | 'Ian Botnick'; 'Klimek, Mike'; 'Jack_Jourdan@choosebroadspire.com' |
| **Subject:** | 14.12.11 Dean | 42-34W2-320/42-524T-992 | 1410105006-0001 | JCI 53853 | Broadspire 186875184 | Notice of Follow Up Destructive Exam |
| **Attachments:** | 14.12.11 Dean - Notice of Follow-Up Destructive Exam.pdf |

Attached is a letter to you regarding this matter.

Michael A. Durr | Quist, Cone & Fisher, PLLC
800 South Gay Street, Suite 2121, Knoxville, TN 37929
Direct: 865.312.0440 | E-mail: mdurr@qcflaw.com

**Michael A. Durr**

| | |
|---|---|
| **From:** | Ian Botnick <Ian.Botnick@jci.com> |
| **To:** | Michael A. Durr |
| **Sent:** | Thursday, December 11, 2014 3:28 PM |
| **Subject:** | Read: 14.12.11 Dean | 42-34W2-320/42-524T-992 | 1410105006-0001 | JCI 53853 | Broadspire 186875184 | Notice of Follow Up Destructive Exam |

Your message

  To: Ian Botnick
  Subject: 14.12.11 Dean | 42-34W2-320/42-524T-992 | 1410105006-0001 | JCI 53853 | Broadspire 186875184 | Notice of Follow Up Destructive Exam
  Sent: Thursday, December 11, 2014 2:20:12 PM (UTC-06:00) Central Time (US & Canada)

 was read on Thursday, December 11, 2014 2:28:01 PM (UTC-06:00) Central Time (US & Canada).



**Michael A. Durr**
Direct: 865.312.0440
mdurr@qcflaw.com

**Wednesday, March 11, 2015**

Jack W. Jourdan
Broadspire
Lexington, Kentucky
Jack_Jourdan@choosebroadspire.com

Ian S. Botnick
Johnson Controls, Inc.
Chicago, Illinois
Ian.Botnick@jci.com

Mike Klimek
Sedgwick Claims
Lexington, Kentucky
Michael.Klimek@sedgwickcms.com

**Re:** Dean 42-34W2-320/42-524T-992 **|** September 14, 2014 fire in Memphis

To Whom It May Concern:

As you know, State Farm Fire and Casualty Company has retained this law firm to protect its subrogation interest arising out of a fire that damaged the vehicle and home of Ms. Martha Dean. The home is located at or about 5333 Maiden Grass in Memphis, Tennessee. The fire occurred on or about September 14, 2014. We have determined that a 2-year old Sears DieHard car battery malfunctioned and caused the fire.

As can be seen, the fire originated at the passenger's side front corner of the engine compartment. No evidence of electrical activity was found on any of the engine compartment primary or secondary conductors. An examination of the battery's components revealed heating consistent with an internal failure of the battery and not consistent with fire attack of the battery.

March 11, 2015 | Page 2

The Dean vehicle:



Fire pattern on the underside of the hood indicating a passenger's side-front fire origin:



March 11, 2015 | Page 3

Battery mounted at the passenger's side front corner (view from the passenger's side):



View of the battery from the engine side (inner side):



March 11, 2015 | Page 4

Engine side (inner side) of the battery:



Rear of the battery:



Passenger side (outer side) of the battery:



Front of the battery:



March 11, 2015 | Page 6

Battery cell designations for disassembly:



Battery case damage revealed during disassembly (cell 6 looking towards cell 5):



March 11, 2015 | Page 7

Battery cell plates disassembled and laid out for inspection:



Plate damage inconsistent with the battery being subjected to external heat (internal failure):



The plate circled would have been next to the plate shown in the photograph above; it should look more like the plates to the right:



State Farm has covered the fire damage through its property insurance policies with Ms. Dean. Through its payments owed under those policies, State Farm has acquired Dean's rights to bring claims against those responsible for the defective battery under Tennessee law.

The battery is a "product," as that term is defined in section 29-28-102(5) of the Tennessee Code. The battery failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused the fire at the Dean home. The battery's failure was such that would not have occurred in the absence of a defect within the battery. That defect proximately caused damage to the Dean home and personal property therein, in violation of the Tennessee Products Liability Act of 1978, Tenn. Code §§ 29-28-101 *et seq.*

At present, State Farm has paid $79,086.86 to repair the Dean home; $26,051.05 for contents cleaning and damage; and $8,288.04 for additional living expense. State Farm paid $7,185.61 for the totaled vehicle "In light of the adversarial relationship that generally exists between an insurer and a claimant-insured, an inference may properly be drawn that the amount of damage to which the insurer concedes is, at the very least, the lower boundary of the damage actually suffered." *Lakewood Engineering and Manufacturing Co. v. Quinn*, 604 A.2d 535, 539-40 (Md. App. 1992).

In addition, we have a claim for prejudgment interest: "[f]airness will, in almost all cases, require that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant, including the loss of use of money the plaintiff should

have received." *Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000) (reversing trial court's denial of prejudgment interest). Though courts traditionally have awarded interest in cases where the amount of the obligation is certain and the existence of the obligation is not disputed on reasonable grounds, "[t]he uncertainty of either the existence or the amount of an obligation does not mandate denial of prejudgment interest." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 928 (Tenn. 1998). Tennessee Code section 47-14-123 allows interest at up to ten percent per year.

Tennessee also allows a party to recover expert expense, see *Chastain v. Tenn. Water Quality Control Board*, 555 SW.2d 113, 115 (Tenn. 1977) ("Costs of investigation amounting to $576.62 were added making a total assessment of damages in the sum of $2,676.13."). Our investigative expenses total more than $2,500.

With prejudgment interest and recoverable costs, our recoverable damages now approach $130,000. State Farm will accept $125,000 to resolve this claim now. For that sum, we will issue a complete release of all of our claims arising out of or related to the fire.

This offer is good for ten days. Please call if any of this is unclear. Thank you.

Sincerely,
QUIST, CONE & FISHER PLLC

By: Michael A. Durr

**Michael A. Durr**

| | |
|---|---|
| **From:** | Michael A. Durr <mdurr@qcflaw.com> |
| **Sent:** | Friday, March 13, 2015 4:08 PM |
| **To:** | 'Ian Botnick'; 'Klimek, Mike'; 'Jack_Jourdan@choosebroadspire.com' |
| **Subject:** | 15.03.13 Dean \| 42-34W2-320/42-524T-992 \| 1410105006-0001 \| JCI 53853 \| Broadspire 186875184 \| State Farm Demand |
| **Attachments:** | 14.12.11 Dean - Notice of Follow-Up Destructive Exam.pdf; Dean - Service Records (Produced 03.13.15).pdf |

You were informed that our January 2015 exam would be destructive and that we would be disassembling each piece of evidence (see attached letter). You raised no objection to this exam proceeding as noticed and then you chose not to attend. Therefore, any prejudice you claim to have suffered by virtue of not attending that exam is your doing, not ours. Furthermore, given (1) that as of your writing below, your engineers have not provided to you their assessment of our letter, and (2) that you don't know what photographs of the battery, as it was disassembled, will be made available to you, you cannot know whether you have actually suffered any prejudice.

Though we are not obligated to, we will send the photographs that our expert took during his exam next week.

We are attaching the records that show the purchase and make of the battery.

The underlying insurance claim is not complete, and we would prefer not to send our supports piecemeal. The numbers we have cited are very close to final and you may safely presume that we have documentation to show what we paid to the penny.

Michael A. Durr | Quist, Cone & Fisher, PLLC
800 South Gay Street, Suite 2121, Knoxville, TN 37929
Direct: 865.312.0440 | E-mail: mdurr@qcflaw.com

---

**From:** Ian Botnick [mailto:Ian.Botnick@jci.com]
**Sent:** Friday, March 13, 2015 2:23 PM
**To:** Michael A. Durr; 'Klimek, Mike'; Jack_Jourdan@choosebroadspire.com
**Subject:** RE: 15.03.11 Dean | 42-34W2-320/42-524T-992 | 1410105006-0001 | JCI 53853 | Broadspire 186875184 | State Farm Demand

Mr. Durr,

As an initial matter, I don't recall consenting to this level of destruction (see attached letter). Your destruction of the battery has severely prejudiced our ability to defend ourselves from a product defect allegation. Nonetheless, a majority of the plates appear to be in relatively good condition. If this fire originated in the battery, more of the plates would've been destroyed. The fact that only a few plates were destroyed (and only those plates near the sides of the battery) suggests that this battery was a victim of the fire, not the cause. I've forwarded the photos and report to my engineers for further evaluation.

In the interim, what additional information do you have on the loss? Is there a fire report you can share? What about damage documentation to support your demand? As for the battery, how are you certain as to the make and model of the battery? Was it original to the vehicle? Do you have receipts from the date of purchase? As for the fire, what were the circumstances surrounding the fire? Was the battery recently used or hooked up to a charger at the time of the fire? Besides the fact that the battery melted, what evidence did your engineer see to suggest that it started the fire? What did he see to suggest the battery was defective?

This is all information we will need to evaluate your demand. Please forward that information to Jack and I at your convenience. Thanks.

Ian S. Botnick
Johnson Controls, Inc.
10 S. Wacker, 40th Floor
Chicago, IL 60606
312-651-1549

---

**From:** Michael A. Durr [mailto:mdurr@qcflaw.com]
**Sent:** Wednesday, March 11, 2015 2:57 PM
**To:** Ian Botnick; 'Klimek, Mike'; Jack_Jourdan@choosebroadspire.com
**Subject:** 15.03.11 Dean | 42-34W2-320/42-524T-992 | 1410105006-0001 | JCI 53853 | Broadspire 186875184 | State Farm Demand

Attached is a letter to you regarding this matter.

Michael A. Durr | Quist, Cone & Fisher, PLLC
800 South Gay Street, Suite 2121, Knoxville, TN 37929
Direct: 865.312.0440 | E-mail: mdurr@qcflaw.com

---

**From:** Michael A. Durr [mailto:mdurr@qcflaw.com]
**Sent:** Thursday, December 11, 2014 3:20 PM
**To:** 'Ian Botnick'; 'Klimek, Mike'; 'Jack_Jourdan@choosebroadspire.com'

**Subject:** 14.12.11 Dean | 42-34W2-320/42-524T-992 | 1410105006-0001 | JCI 53853 | Broadspire 186875184 | <mark>Notice of Follow Up Destructive Exam</mark>

Attached is a letter to you regarding this matter.

Michael A. Durr | Quist, Cone & Fisher, PLLC
800 South Gay Street, Suite 2121, Knoxville, TN 37929
Direct: 865.312.0440 | E-mail: mdurr@qcflaw.com