IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY ) <br> COMPANY, As subrogee and assignee of ) <br> Martha L. Dean, ) <br> ) <br>       **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> JOHNSON CONTROLS, INC. and ) <br> JOHNSON CONTROLS BATTERY ) <br> GROUP, INC., ) <br> ) <br>       **Defendant.** ) | No. 15-2559-STA-cgc |

---

**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Before the Court is Plaintiff State Farm Fire and Casualty Company's Motion for Partial Summary Judgment (ECF No. 30) filed on November 30, 2015. In its Rule 56 Motion, Plaintiff seeks judgment as a matter of law on two affirmative defenses raised by Defendants in their Answer: statute of limitations and spoliation. Defendants Johnson Controls, Inc. and Johnson Controls Battery Group, Inc. responded (ECF No. 31) to the Motion for Partial Summary Judgment on December 28, 2015. In their response brief, Defendants state that they do not intend to pursue their statute of limitations defense and therefore do not oppose Plaintiff's Motion as to that issue. Based on Defendants' lack of opposition, Plaintiff's Motion for Partial Summary Judgment is **GRANTED** as to the statute of limitations issue.

With respect to the spoliation issue, Defendants argue that the Court "need not decide the issue now and may never have to decide it." Defendants included spoliation as an affirmative

1

defense in their Answer out of an abundance of caution. Defendants point out that some jurisdictions treat spoliation as an affirmative defense while others treat spoliation as a discovery issue. Defendants have now offered Plaintiff "a stipulation that spoliation could be addressed as a discovery issue if and when it is ripe so long as Defendants' rights are preserved in case [spoliation] is determined to be an affirmative defense." On January 5, 2016, Plaintiff filed an unopposed Motion to Defer Ruling on the Spoliation Issue (ECF No. 34). Plaintiff states that in light of Defendants' briefing on the spoliation issue, Plaintiff and Defendants agree that the Court should defer its "ruling on the spoliation issue . . . until 30 days past the close of discovery in this case" with the parties to file supplemental briefing on spoliation within 10 days of the close of discovery.

The Court finds that Plaintiff's Motion for Partial Summary Judgment as to Defendants' affirmative defense of spoliation is not yet ripe. The parties appear to agree that the Court should not and perhaps cannot address the issue of spoliation until discovery is complete. The current case management deadline for completing all discovery is June 27, 2016. Rather than leaving Plaintiff's Motion for Partial Summary Judgment open for the next six months, or until such time as discovery is completed, the Court finds that the better course is to deny Plaintiff's Motion for Partial Summary Judgment as to the spoliation issue but without prejudice to raise the issue in a separate motion at a later time. Therefore, the Motion for Partial Summary Judgment is **DENIED** without prejudice as to the spoliation issue.

In light of the Court's decision to deny the Rule 56 Motion without prejudice to raise the spoliation issue in a subsequent motion, Plaintiff's unopposed Motion to Defer Ruling on the Spoliation Issue is, strictly speaking, moot. The Court declines to adopt a specific briefing schedule on the spoliation issue and would prefer for the parties to raise the issue by filing an

appropriate motion at a later time, if and when the spoliation issue ripens. Therefore, the Motion to Defer Ruling is **DENIED** as moot.

    **IT IS SO ORDERED.**

                                      **s/ Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date: January 27, 2016.

.