**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

STATE FARM FIRE AND CASUALTY COMPANY
AS SUBROGEE AND ASSIGNEE OF MARTHA L. DEAN,

      Plaintiff,

v.                                                    No. 2:15-cv-02559-STA-cgc

JOHNSON CONTROLS, INC. AND
JOHNSON CONTROLS BATTERY GROUP, INC.,

      Defendants

---

## ORDER ON MOTION TO COMPEL
---

Before the Court, by way of Order of Reference (D.E. # 33), is Plaintiff's Motion to Compel (D.E. # 32) filed on December 30, 2015. Defendants filed their response on January 29, 2016. A telephonic motion hearing was held on March 23, 2016[1] with Michael Durr appearing on behalf of Plaintiff and Michael McLaren on behalf of Defendants. (D.E. # 48) Based on the motion, response, arguments of counsel and the record, the Court finds as follows:

As to Plaintiff's interrogatories 13 and 14, and request for production number 8: Defendants will identify lawsuits and claims involving battery fires or battery overheating in flooded lead acid batteries arising in the ten-year period from the purchase date of the battery (August 11, 2012) at issue in this lawsuit, as well as the non-privileged documents produced and received in connection with those prior claims and lawsuits. That production is due thirty days from the date of this Order.

---

[1] After an initial setting for February 17, 2016, the hearing was reset twice – once at the request of Defendant and then at the request of Plaintiff. (D.E. # 41, 42, 43, 44, 45, 47)

As to the eleven emails listed on the first three pages of Defendants' privilege log (PageID 300–02): Defendants produced the emails to the Court in camera on Friday, April 1, 2016. This case concerns a fire that occurred on September 14, 2014. Plaintiff, as subrogee of Martha Dean, asserts that the fire was started by the automobile battery sold to Ms. Dean by Sears and arguably manufactured by Defendants. The fire caused significant property loss to Ms. Dean, an insured of Plaintiff. Plaintiff sent notice to Sears of the loss on October 10, 2014. Sears issued an indemnity demand to Defendants on October 10, 2014. Ian Botnick, counsel for Defendants, wrote Michael Durr, counsel for Plaintiff, on October 15, 2014 to confirm that Defendants received notice of the incident and the offer to participate in a "final joint inspection of the vehicle" on October 17, 2014. (D.E. # 32-2, p 4) Botnick states in this letter that "destruction of the vehicle, battery or any other evidence without the written consent of Sears, Johnson Controls Battery Group, Inc. and all interested parties" will be considered by the Defendants to constitute spoliation of evidence. *Id.* On December 11, 2014, Plaintiff sent notice to Jack W. Jourdan of Broadspire, Mike Klimek of Sedgwick Claims[2] and Botnick to inform them of the January 12, 2015 examination of the retained evidence (presumably the battery at issue since that was the only item remaining after the October 17, 2014 inspection of the vehicle). (D.E. # 30-3, p 7) No one appeared on behalf of Sears or Defendants. On March 11, 2015, Plaintiff wrote Jourdan, Botnick and Klimek to make a demand and supported the demand with photographs taken at the October 2014 and January 2015 inspections. In a March 13, 2015 email response, Botnick states: "As an initial matter, I don't recall consenting to this level of destruction (see attached letter). Your destruction of the battery has severely prejudiced our ability to defend ourselves from a product defect allegation." (D.E. # 30-3, p 21) Plaintiff filed

---

[2] Sedgwick is the claims administrator for Sears. (D.E. # 32-3, p 1)

its complaint on August 24, 2015. Defendants answers (D.E. # 12 and 13) each list as the 7th affirmative defense that "Plaintiffs' (sic) claims should be barred due to spoliation of evidence."

Plaintiff asserts that their Request for Production of Documents no 3 "All documents… that refer to the Battery, the Fire, the Fire's cause or suspected cause, or your investigation into the cause of the Fire have been reviewed or generated by any witness you have identified in this lawsuit." should have produced communications with which Botnick forwarded photos and reports to Defendants' engineers for evaluation. Plaintiff further asserts that because Defendants have raised spoliation as a defense and have listed Botnick and Joseph Liedhegner, an engineer for Defendants, as witnesses, materials regarding internal investigations and related correspondence must be disclosed.

"Because jurisdiction in this case is based on diversity of citizenship, state law supplies the rule of decision and the existence and limits of any privilege must be "determined in accordance with state law." Fed.R.Evid. 501. However, the applicability of the work product doctrine is governed by federal procedure, even in diversity cases." *Royal Surplus Lines Ins. v. Sofamor Danek Grp.*, 190 F.R.D. 463, 467 (W.D. Tenn. 1999) citing *United Coal Companies v. Powell Construction*, 839 F.2d 958, 966 (3rd Cir.1988).

The internal investigations and related correspondence requested by Plaintiff clearly fall within the ambit of the work product privilege. Fed. R. Civ. P. (26)(b)(3) only allows the disclosure of "documents and tangible things that are prepared in anticipation of litigation or for trial" only if 1) such material is otherwise discoverable under the rule or 2) a party shows a substantial need for the material and cannot, without undie hardship, obtain equivalent material by other means. Plaintiff has not made a showing on either point to justify breaching the privilege.

The documents submitted to chambers for review are identified by Defendants as being responsive to Request for Production no 2: "All documents, … that refer to the Dean home, the Battery, the Fire, the Fire's cause or suspected cause, or the damages alleged to have been caused by the Fire." (D.E. # 40, p 4)  Defendants invoke the attorney client privilege to shield these documents.  "No attorney, solicitor or counselor shall be permitted, in giving testimony against a client, or person who consulted the attorney, solicitor or counselor professionally, to disclose any communication made to the attorney, solicitor or counselor as such by such person, during the pendency of the suit, before or afterwards, to the person's injury." Tenn. Code Ann. §23-3-105 "However, the privilege is not absolute. The requirements for the privilege to apply are:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client"

*Royal Surplus Lines Ins.*, 190 F.R.D. at 468-69 citing *Humphreys, Hutcheson & Moseley v. Donovan*, 568 F.Supp. 161, 175 (M.D.Tenn.1983) (construing the Tennessee statute).

After reviewing the eleven electronic mail messages listed in the privilege log, the court finds that the following messages are not privileged because the communication was not for the purpose of securing either an opinion on law, legal services or assistance in some legal proceeding:

| Date and time of message | From: | To: |
|---|---|---|
| November 5, 2014 5:48pm | Ian Botnick | Mike Klimek |
| January 30, 2015 8:17am | Mike Klimek | Ian Botnick<br>Jack Jourdan |
| January 30, 2015 4:11pm | Ian Botnick | Mike Kilmek<br>Jack Jourdan |
| March 12, 2015 7:38am | Mike Kilmek | Ian Botnick<br>Jack Jourdan |
| March 13, 2015 1:05pm | Ian Botnick | Mike Kilmek<br>Jack Jourdan |
| June 9, 2015 2:17pm | Mike Kilmek | Ian Botnick |
| June 9, 2015 3:23pm | Ian Botnick | Mike Klimek |

These seven messages must be provided to Plaintiff within seven days of the entry of this Order.

The remaining four messages contain discussions of case strategy which would fall within the category of securing legal services or assistance in some legal proceeding. While Plaintiff goes on to assert that the presence of a representative of Sears would invalidate the claim of privilege, the "common interest doctrine" would provide an exception. Under the "common interest doctrine"," attorneys or parties facing a common litigation opponent may exchange privileged communications without waiving the privilege". *Travelers Cas. & Sur. Co. v. Excess Ins. Co.*, 197 F.R.D. 601, 606-07 (S.D. Ohio 2000) The purpose behind this rule is "to protect the free flow of information from [the] client to [the] attorney" when a number of clients share a common interest in litigation. *Id.* citing *United States v. Schwimmer,* 892 F.2d 237, 243–44 (2d Cir.1989). "It is not necessary that a common legal interest be derived from legal action; it is possible for two or more parties to share a common interest without becoming parties to the same litigation." *Cooey v. Strickland*, 269 F.R.D. 643, 652 (S.D. Ohio 2010) In this case, Mr. Botnick's October 15, 2014 letter to Mr. Durr made it clear that the response was on behalf of both Sears and Johnson Controls Battery Group and that Sears and Johnson Controls share some interest in that Johnson Controls manufactures certain DieHard batteries. See D.E. # 32-2, p 4 –

5

5. Therefore, the common interest doctrine would apply to these four messages and they are shielded from disclosure.

**IT IS SO ORDERED** this 15th day of July, 2016.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE